IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CHARLES CHILDS,**
 Inmate #K-79572,

       Petitioner,

vs.                                  No. 11-cv-00688-DRH

**DAVE REDNOUR,**

       Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    Petitioner, currently incarcerated in the Menard Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement. In this action, Petitioner challenges his December 1, 1999 conviction. Petitioner was convicted of first degree murder in violation of 720 ILCS 5/9-1(a)(2); aggravated discharge of a firearm in violation of 720 ILCS 5/24-1.2; and felony murder based on aggravated discharge of a firearm in violation of 720 ILCS 9-1(a)(3). Petitioner was sentenced to 50 years imprisonment for the murder charge only, on January 21, 2000, by the Circuit Court of the Tenth Judicial Circuit in Peoria County, Illinois. Petitioner appealed his conviction to the Illinois Appellate Court, Third District, alleging that the State failed to prove petitioner guilty beyond a reasonable doubt for knowing murder; the felony of aggravated discharge of a firearm is not a proper basis for felony murder; the

prosecutor made improper statements during closing arguments; and petitioner's sentence is excessive. Petitioner's conviction was affirmed on appeal on November 20, 2001. Petitioner then filed a petition for leave to appeal to the Illinois Supreme Court, but it was denied on February 6, 2002.

Thereafter, Petitioner filed a post-conviction petition with the Tenth Judicial Circuit in Peoria County, Illinois, alleging he was denied effective assistance of counsel where trial counsel failed to pursue a motion to suppress statements, and failed to pursue an affirmative defense of voluntary intoxication; and where appellate counsel failed to question the trial court's answer to a definitional question by the jury. The court granted a motion to dismiss this petition on September 30, 2003.

Petitioner appealed this decision to the Appellate Court, which reversed and remanded on August 11, 2005, so the lower court could hold an evidentiary hearing. After the trial court held an evidentiary hearing, it denied the petition on November 7, 2008. Petitioner again brought his claim to the Appellate Court, which affirmed the decision on November 15, 2010. Petitioner then brought his claim to the Illinois Supreme Court, which denied the petition on March 30, 2011. Petitioner then filed the current action with this Court on August 11, 2011.

In his petition currently before the Court, petitioner alleges three claims for relief: (1) the State failed to prove petitioner guilty beyond a reasonable doubt, evidencing error on the part of the state courts; (2) petitioner was denied effective assistance of counsel where counsel failed to file a motion to suppress petitioner's video statement, and failed to object to the State's failure to call all material

witnesses; and (3) the State committed prosecutorial misconduct where it improperly shifted the burden of proof to petitioner concerning the issue of whether petitioner knew the building he shot at was occupied.

**IT IS HEREBY ORDERED** that respondent shall, within twenty-three (23) days of receipt of this application for Writ of Habeas Corpus, answer and show cause why the writ should not issue.

Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
Signed this 23rd day of September, 2011.

Digitally signed by David R. Herndon
Date: 2011.09.23 10:44:51 -05'00'

**Chief Judge**
**United States District Court**